Mr. Justice Clayton
delivered the opinion of the court.
This was an action of assumpsit brought by the Planters Bank, upon a note executed by the defendants in error, payable *82 at the Branch of said bank, at Monticello. The note was given in renewal of one which had been previously discounted. Two grounds are assumed in the defence. One, that the transaction is tainted with usury, and that the note is therefore void; the other, that the note was not discounted by a competent board of directors, and is for that reason likewise void. Both these grounds were sustained by the court below in its charge; a verdict was given for the defendants, discharging them from payment of the note, a new trial moved for and overruled, and the case brought to this court.
The first point was very elaborately argued by counsel, and received very deliberate consideration from the court, in the case of the Commercial Bank of Manchester v. Nolan, 7 How. 508. It was there holden, by a majority of the court, “ that when a bank in its discounts reserves a greater interest than is allowed by its charter, the contract falls within the general usury law, it is not void; the bank may recover-the principal sum lent, but without any interest.” I can add nothing to the reasoning contained in the opinion concurred in by two members of the court on that occasion. I have seen no reason to change that opinion, and repeat my adherence to the principles it declares.
As regards the other point, the record shows that the note was given in renewal of one previously discounted, upon pay^ ment of one fourth of its amount; that it was accepted by the cashier of the Branch Bank; but there is contradictory testimony as to whether it was approved by the directory- of the branch or not. The jury seem to have found that it was not, and there is no such preponderance of testimony on the other side, as would induce us, upon that ground, to set aside the verdict.
But there is another view of the question, which cannot be overlooked. This suit is brought and prosecuted by the bank, by which must be understood the‘parent institution. By the 27th section of the charter it has control of the branches. If the note had not been discounted by a competent number of the directors, it'was nevertheless in the power of the bank to ratify the act. When so ratified, it became obligatory upon all the *83 parties concerned. The rule that a subsequent confirmation or consent is equivalent to a previous command, is as applicable to corporations as to individuals. Angell & Ames on Corp. 174. 5 Hill N. Y. Rep. 137. In this latter case it was holden, that “ where property was purchased for a corporation by two of its officers, who gave several notes in the corporate name for the purchase money, and afterwards the property- was claimed by the corporation and converted to its own use; this amounted to a ratification of what the officers had done, and that even if the notes were originally given without authority, the corporation was liable upon them.” Here the defendants have got all they contracted for; the bank might have had reason to complain of its agents, but surely the defendants, after they have procured the agreement to be executed, and after it has been ratified by the bank, cannot object a want of power in the agents. Where the contract has been executed, the general rule does not apply. 2 Kent, 291. The Mayor of Stafford v. Till, 4 Bing. 75. East Lond. Water Works Co. v. Bailey, 4 Bing. 283. This distinction, however, has been questioned in a subsequent case. Church v. Imperial G. L. Co., 6 Adol. & Ellis, 846; 33 Eng. C. L. Rep. 237. But in questions in regard to the mode of the exercise of corporate powers, where rights have accrued under their acts, we think, in frequent instances, the distinction is a sound one.
The charges given in the court below, were, in our view, erroneous, the judgment is therefore reversed, and a new trial awarded.
Judge Thacher gave no opinion, having been of counsel in the case.